# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INTERNATIONAL MILLENNIUM
CONSULTANTS, INC.,

           Plaintiff,

v.

TAYCOM BUSINESS SOLUTIONS, INC..

           Defendant.
_____ /

Case Number: 08-11303

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS IN THIS COURT

Before the Court is Plaintiff/Counter-Defendant International Millennium Consultants, Inc.'s ("Plaintiff") Motion to Compel Arbitration and Stay Proceedings, filed June 27, 2008. (Dkt. No. 8). Defendant/Counter-Plaintiff Taycom Business Solutions, Inc. ("Defendant") responded on July 10, 2008 (Dkt. No. 12). The Court held a motion hearing on September 17, 2008. Following the hearing, and pursuant to this Court's request, the parties submitted supplemental briefs. For the reasons discussed below, the Court GRANTS Plaintiff's Motion to Compel Arbitration and Stay Proceedings.

**I. BACKGROUND**

This diversity case arises from allegations that Defendant breached its contract with Plaintiff by failing to pay certain invoices for a computer consultant Plaintiff provided to one of Defendant's clients. In its counter-suit, Defendant alleges that Plaintiff breached the parties' contract and

1

tortuously interfered with its business by directly contacting Defendant's clients and placing employees with Defendant's clients.

Plaintiff is an Illinois corporation that provides technology consulting services. (Compl. ¶ 6). On February 6, 2007, Plaintiff contracted with Defendant, a Michigan corporation, to provide consulting services for a project with Federal-Mogul. (*Id.* at. ¶ 9.) The contract contained the following arbitration clause:

> This Subcontract and any disputes arising out of or in connection with this Subcontract, shall be governed by and construed in accordance with the laws of the State of Michigan excluding its rules governing conflicts of laws. The Federal and State courts within the State of Michigan shall have exclusive jurisdiction to adjudicate any disputes arising out of or in connection with this Subcontract, except that all disputes related in any way to this contract or the relationship between the parties to this agreement, including any tort claims, shall be resolved by binding arbitration conducted by the American Arbitration Association in accordance with their rules at the time arbitration is initiated.

(Pl. Br. Ex. A, ¶14.1.)

Plaintiff provided consulting services to Defendant from October 29, 2007 to March 21, 2008. (Compl. ¶ 11.) Defendant has not paid Plaintiff since November 2007. (*Id.* at ¶ 12). According to Plaintiff's invoice, Defendant owes Plaintiff $91,300.00. (*Id.* at ¶ 14.) Plaintiff filed suit in this Court on March 26, 2008, alleging breach of contract, to recover the monies owed to it. (*Id.* at ¶ 19.)

On May 28, 2008, Defendant counter-sued Plaintiff for breach of contract and tortious interference with business relations. (Counterclaim ¶¶ 5, 7-11.) Defendant alleges that Plaintiff violated the terms of the parties' contract by arranging for direct placement of personnel with Defendant's clients, including Federal Mogul and Merrilat. (*Id.* at ¶ 3.) Defendant further alleges that by placing personnel with Federal Mogul and Merrilat, Plaintiff wrongfully interfered with

Defendant's business relationships, causing Federal Mogul and Merrilat to stop doing business with Defendant. (*Id.* at ¶¶ 9-10.)

On June 27, 2008, Plaintiff moved to compel arbitration and stay the proceedings in this Court. (Dkt. No. 8.) In its motion, Plaintiff argues that the contract requires the parties to arbitrate the claims alleged in the complaint and counter-complaint. (Pl. Br. 3-5.) In response, Defendant argues that the arbitration clause does not contain the language necessary under Michigan law to compel statutory arbitration. (Def. Br. 3.) Accordingly, Defendant posits, the arbitration clause is an agreement for common law arbitration, which can be revoked by either party at any time before the arbitrator renders an award. (*Id.* at 4.) Defendant states that it has revoked its agreement to conduct common law arbitration. (*Id.*) Plaintiff argues, in its reply brief, that the Federal Arbitration Act preempts Michigan courts' interpretation that the language in the arbitration clause calls for common law arbitration. (Reply Br. 2-3.)

Defendant also argues that, by filing this case in this Court, Plaintiff waived its right to seek arbitration. (Def. Br. 4.) Plaintiff disagrees, arguing that it could not have intended to waive its right to seek arbitration because it did not have a signed copy of the contract requiring arbitration when it filed the complaint and was not aware of the arbitration clause. (Pl. Br. 5.) Plaintiff also contends that the Court must consider the amount of litigation, the time elapsed before the request of arbitration was made, and proof of prejudice to the other party when deciding whether a party waived its right to seek arbitration. (*Id.*) Plaintiff argues that it did not waive its right to seek arbitration because it moved to compel arbitration as soon as it was presented with a copy of the contract containing the arbitration clause. (*Id*. at 6.) Plaintiff further notes that this litigation is in

3

its infancy: there has been no discovery, there is no trial date and the short delay before the motion to compel arbitration did not prejudice Defendant in any way. (*Id.*)

At the motion hearing, Plaintiff argued that, if this Court found that Michigan law governed, the arbitration clause calls for statutory arbitration because it incorporates the rules of the American Arbitration Association. Defendant responded that the dispute is governed by Michigan law, but could not explain to the Court whether the incorporation of the AAA rules was sufficient to trigger statutory arbitration, as it was not an argument that was raised in Plaintiff's brief. Because this issue was not raised in Plaintiff's original brief, the Court instructed the parties to submit supplemental briefs on this issue.

In its supplemental brief, Plaintiff cites three Michigan cases, *Hetrick v. Friedman*, 237 Mich. App. 264, 269 (1999); *Joba Conts. Co., Inc., v. Monroe County Drain Com'r*, 150 Mich. App. 173, 178 (1986); *Woodworth Inc. v. Five Pointes Const. Inc.*, 1998 WL 1989560 (Mich. App. Oct. 23, 1998), in which the Michigan Court of Appeals held that an arbitration clause that incorporates the AAA rules is a statutory arbitration agreement. (Pl.'s Supp. Br. 1). Defendant acknowledges the caselaw, but urges the Court not to follow it because the Michigan Supreme Court criticized *Hetrick* in *Wold Architects & Engineers v. Strat*, 474 Mich. 223, 236 (2006), for misunderstanding the basis for common law arbitration and it is not clear that *Hetrick* is still good law. (Def.'s Supp. Br. 3). Defendant further argues that the Michigan Court of Appeals had the opportunity to rely on language incorporating the AAA rules to invoke statutory arbitration but instead relied on a phrase in the arbitration clause that said that "judgment may be entered . . . in any court having jurisdiction," which also indicates that *Hetrick* is no longer good law. (*Id.* (quoting *Rooyakker & Sitz, PLLC v. Plante & Moran, PLLC*, 276 Mich. App. 146 (2007)).

4

## II. ANALYSIS

### A. Statutory v. Common Law Arbitration

Defendant argues that this Court should deny Plaintiff's motion because the arbitration clause constitutes a common law arbitration agreement, from which it has withdrawn. A statutory arbitration agreement is one that contains the requirements set forth in the Michigan Arbitration Act (MAA), Mich. Comp. Laws 600.5001 *et seq*. *Wold Architects & Engineers v. Strat*, 474 Mich. 223, 230 (2006). Specifically, the agreement must be in writing and confer jurisdiction upon any circuit court to enter a judgment based on the arbitration award. Mich. Comp. LAWS 600.5001(1). If the parties' agreement does not comport with the requirements of the MAA, it is a common law arbitration agreement. *Wold*, 474 Mich. at 231. An agreement for statutory arbitration pursuant to the MAA, is valid, enforceable, and irrevocable except upon grounds that justify the rescission or revocation of any contract. *Id*. at 230. In contrast, common-law arbitration agreements are unilaterally revocable before an arbitration award is made. *Id*. at 231.

Pursuant to paragraph 14.1 of the contract, the parties agreed to arbitrate disputes using the American Arbitration Association rules, but the arbitration clause does not empower any court to enter judgment on an award obtained. (Mot. Ex. A, ¶14.1.) Although the arbitration provision does not need to explicitly confer jurisdiction upon "any circuit court," the arbitration provision must confer jurisdiction on a court. *See Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich. App. 146, 154-155 (2007) (holding that the phrase "judgment may be entered . . . in any court having jurisdiction" was sufficient to satisfy the requirements of the Michigan Arbitration Act); compare with *Wold,* 474 Mich. at 235 ("Parties wishing to conform an

5

agreement to MCL 600.5001(2) must put it in writing and require that a circuit court may render judgment upon the award made pursuant to the agreement. Otherwise, it will be treated as an agreement for common-law arbitration.").

In *Rooyakker*, the arbitration clause stated:

> At the option of the Firm, any dispute or controversy arising out of or relating to this Agreement, may be settled by arbitration held in Oakland County, Michigan, following the rules then in effect of the American Arbitration Association. The arbitrator may grant injunctive or other relief. The decision of the arbitrator will be final, conclusive and binding on the parties. *Judgment may be entered based on the arbitrator's decision in any court having jurisdiction*. The Firm and the former staff member will each pay one-half of the arbitrator's costs and expenses, and each will separately pay their respective legal fees, expert fees and related expenses.

*Rooyakker*, 276 Mich. App. at 154 (emphasis added).

The arbitration clause at issue in the present case does not confer jurisdiction on any court to enter a judgment based on the arbitrator's decision. (Pl. Br. Ex. A, ¶ 14.1.) However, Plaintiff argues that the arbitration clause calls for statutory arbitration because it incorporates the American Arbitration Association rules. AAA's Commercial Arbitration Rule 48(c) provides: "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction."

In *Hetrick v. Friedman*, 237 Mich. App. 264, 269 (1999), the Michigan Court of Appeals held that the arbitration agreement included a provision for a judgment on the arbitration award to be entered in a court having jurisdiction because the arbitration agreement incorporated the AAA rules by reference and, therefore, the arbitration agreement was a statutory arbitration agreement. Similarly, in *Joba Const. Co., Inc., v. Monroe County Drain Com'r.,* 150 Mich. App. 173, 178 (1986), the court acknowledged, without discussion, that an arbitration agreement that incorporated

6

the AAA rules had the "necessary language to bring this matter within statutory arbitration." Also, in an unpublished 1998 decision, the Michigan Court of Appeals ruled that incorporating the AAA rules by reference was sufficient to create a statutory arbitration agreement. *Woodworth, Inc. v. Five Pointes Const., Inc.,* 1998 WL 1989560 (Mich. App. 1998).

As Defendant notes, *Hetrick*, *Joba*, and *Woodworth*, were decided before *Wold*, in which the Michigan Supreme Court affirmed the existence of common law arbitration in Michigan. And, the *Wold* Court criticized the *Hetrick* Court for stating, in dicta, that the unilateral revocation rule was announced in dicta. *Wold*, 474 Mich. at 233. However, the Michigan Supreme Court did not overrule *Hetrick* in *Wold*, nor has it done so since *Wold* was issued. Thus, at present, *Hetrick*, *Joba*, and *Woodworth* are good law, and this Court is bound to follow these decisions.

Moreover, Defendant's argument that the Michigan Court of Appeals considered *Hetrick* overruled by *Wold* in *Rooyaker* because it did not rely on the language in the arbitration agreement incorporating the AAA rules is unpersuasive. The arbitration agreement in *Rooyaker* contained a provision stating: "Judgment may be entered based on the arbitrator's decision in any court having jurisdiction." 276 Mich. App. at 154. The *Rooyakker* Court, therefore, did not have to reach the issue of whether the provision incorporating the AAA rules triggered statutory arbitration, nor is it apparent that the party seeking to enforce the arbitration agreement raised the issue. Further, the *Rooyakker* Court cited *Hetrick* as an example of a case where the court concluded that a broad arbitration agreement was a statutory arbitration agreement. *Rooyakker*, 276 Mich. at 155.

Because *Hetrick* has not been overruled, even though there are no cases since *Wold* applying *Hetrick* or *Joba*, *Hetrick* is still good law. Therefore, the arbitration clause at issue in the present case, which incorporates the AAA rules by reference, satisfies the requirements of the Michigan

7

Arbitration Act (MAA), specifically Mich. Comp. Laws 600.5001(1), and is a statutory arbitration agreement.

**B. Federal Arbitration Act Preemption**

In its reply brief, Plaintiff argues that the Federal Arbitration Act preempts Michigan courts' interpretation that the language in the arbitration clause calls for common law arbitration. (Reply Br. pp 2-3). This Court need not address Plaintiff's preemption argument, having already concluded that the agreement calls for statutory arbitration.

**C. Waiver**

Defendant's argument that Plaintiff has waived its right to seek arbitration by filing suit in this Court is unavailing. (Def. Br. 4.) The Sixth Circuit Court of Appeals has observed: "[T]here is a strong presumption in favor of arbitration, and . . . waiver of the right to arbitration is not to be lightly inferred." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc*. 340 F.3d 345, 355 -356 (6th Cir. 2003) quoting *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993). But, "[a]n agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." *Id.* quoting *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir. 1973). Such actions include unnecessary delay, expense or prejudice to the other party. *Id.* Here, Plaintiff has not engaged in unnecessary delay or caused Defendant unnecessary expense, and Defendant has not suffered prejudice. Plaintiff moved to compel arbitration within three months of filing its complaint, and within one month after Defendant filed its answer and counterclaim. A scheduling order has not been entered and discovery has not begun. The amount of litigation thus far has been minimal. Plaintiff did not waive its right to seek arbitration by first filing a complaint in this Court.

## III. CONCLUSION

For the foregoing reasons this Court GRANTS Plaintiff's Motion to Compel Arbitration and Stay Proceedings.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 15, 2008.

s/Denise Goodine
Case Manager