UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL MILLENNIUM
CONSULTANTS, INC.,

                Plaintiff,            Civil Action No.
                                            08-CV-11303
vs.
                                             PAUL D. BORMAN
TAYCOM BUSINESS SOLUTIONS, INC.,     UNITED STATES DISTRICT
                                             JUDGE

                Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION

On March 1, 2010, the Court issued an Opinion and Order in which it pierced the corporate veil of Defendant Taycom Business Solutions, Inc ("Taycom") and entered judgment in favor of Plaintiff International Millennium Consultants, Inc. ("IMC") and against Dante and Vonnita Bishop, Taycom's shareholders, personally, and Innosynth Technologies, LLC ("Innosynth"), Dante Bishop's new company.

On March 15, 2010, Taycom filed a motion for reconsideration of the Court's March 1, 2010, Opinion and Order. Motions for reconsideration are governed by E.D. Mich. LR 7.1(g)(3), which states, in relevant part, that a party moving for reconsideration must "not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

In the present motion, Taycom asserts two arguments. First, Taycom contends that "numerous genuine issues of material fact . . . should have prevented the Court from granting

1

[IMC's motion to pierce the corporate veil]." The Court rejects this argument, as the Court applied the proper legal standards and correctly determined that Taycom's corporate veil should be pierced. The arguments advanced by Taycom on pages 3-5 of its motion for reconsideration were previously addressed and rejected by the Court in its March 1, 2010, Opinion and Order. "Motions for Reconsideration which merely present the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Moreover, contrary to Taycom's baseless assertion that "there was no hearing" on IMC's motion to pierce the corporate veil, the Court notes that a hearing was held on February 17, 2010, at which Taycom's counsel, Mr. Frank, was present.

Taycom's second argument is that "there was no procedural basis for finding [Vonnita Bishop and Innosynth] liable." Taycom cites the Michigan Court of Appeals decision in *Green v. Ziegelman*, 282 Mich. App. 292 (2009), in support of this argument. Taycom does not argue, and never has, that *Green* prevents the Court from imposing personal liability on Dante Bishop.

Having reviewed *Green*, the Court finds merit to Taycom's argument.[1] Accordingly, Vonnita Bishop and Innosynth cannot be held liable for the judgment entered by this Court on September 17, 2009.[2]

---

[1] As IMC points out, Taycom has advanced its argument under *Green* as an "afterthought" in the final two sentences of its motion for reconsideration and, before that, in two sentences near the end of its brief in opposition to IMC's motion to pierce the corporate veil. Taycom has never discussed the *Green* case in its briefs or analyzed how it is relevant here. Nor was the case listed in Taycom's table of controlling authority or raised during oral argument. It is inconceivable that Taycom would bury its only meritorious argument with absolutely no discussion or analysis.

[2] IMC relies upon several cases in support of its argument that *Green* is inapplicable here. None of them are relevant. Specifically, to the extent that *Aioi Seiki v. JIT Automation, Inc.*, 11 F. Supp.2d 950 (E.D. Mich. 1998), would authorize this Court to impose liability on Vonnita and Innosynth, the case is superseded by *Green*, which was decided in 2009, eleven years after *Aioi*

SO ORDERED.

                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: April 1, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 1, 2010.

                                        S/Denise Goodine
                                        Case Manager

---

*Seiki*. Moreover, the United States Supreme Court's decision in *Peacock v. Thomas*, 516 U.S. 349, 353-354 (1996), which held that a veil piercing claim "does not state a cause of action under ERISA and cannot independently support federal jurisdiction," is also not relevant here.